THE BIG FOUR, Inc., Plaintiff and Respondent, v. CA-MILLE BISSON, Defendant and Appellant.

No. 9355.

Submitted May 1, 1957. Decided August 15, 1957.

314 Pac. (2d) 563.

Mr. F. N. Hamman, Polson, for appellant.

Mr. Raymond F. Gray, Missoula, for respondent.

Mr. Hamman and Mr. Gray argued orally.

MR. JUSTICE BOTTOMLY:

This is an appeal by defendant from an order and decree for plaintiff permanently enjoining defendant from interfering

with waters in Bousquet Ditch. The controversy arises over the plaintiff alleging that the defendant, on or about July 15, 1951, diverted water from Bisson Creek into Bousquet Ditch, and then wasted said water and deprived the owners thereof of such water.

Upon the oral arguments in this court it was admitted, and ■■ due proof submitted, that the defendant, Camille Bisson, had died on December 29, 1955, during the pendency of this appeal. The transcript in this appeal was filed in this court October 23, 1953. March 31, 1956, the plaintiff, The Big Four, Inc., by its attorney, filed herein an application to dismiss this appeal on several grounds, only one of which needs to be considered, and that is: That this action is an action *in personam* permanently enjoining appellant, Camille Bisson, from committing certain acts and that on or about December 29, 1955, appellant and defendant, Camille Bisson, died and therefore there is no question now to be decided by this court. With this contention of plaintiff we agree. Here the purported decree and order of injunction was directed only to the defendant, Camille Bisson, it was not directed, as observed in the case of State ex rel. Pool v. District Court, 34 Mont. 258, 86 Pac. 798, 800, against defendant, his heirs, agents, grantees and assigns. As was said therein, ''Generally speaking, an injunction operates only *in personam* and affects only the parties to the action * * * it may be conceded that mere privity in estate is not sufficient to warrant the holding that the party occupying the relation of a privy who was not a party to the suit at the time of the rendition of the judgment must be held to obey the mandate of the injunction * * *'' This appeal will be dismissed, but owing to the errors committed by the district court in relation to the vital questions presented, we feel that our position on the questions raised should be known to the court and parties concerned.

As to the questions raised in this record, this court has decided the identical questions presented here in a unanimous decision by Justice Angstman in Lewis v. Hanson, 124 Mont. 492,

227 Pac. (2d) 70, 73, wherein this court said: "The objection to the introduction of testimony based upon the ground that the United States a necessary party, was not before the court should have been sustained." The court further stated that "By the creation of the reservation, title to the waters was vested in the United States as trustee for the Indians. * * *

"Before a party may have an injunction he must of necessity establish his rights thereto." Citing Anderson v. Spear-Morgan Livestock Co., 107 Mont. 18, 27, 79 Pac. (2d) 667; Moody v. Johnston, 9 Cir., 66 F. (2d) 999; United States v. Alexander, 9 Cir., 131 F. (2d) 359. Compare also United States v. Powers, 9 Cir., 94 F. (2d) 783; United States v. McIntire, 9 Cir., 101 F. (2d) 650.

For the reasons first stated herein this appeal is dismissed, each party to pay his own costs.

Let remittitur issue.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES CASTLES, ANGSTMAN and ADAIR, concur.